UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 7:19-24-KKC |
|     Plaintiff, | |
| V. | OPINION AND ORDER |
| JIMMY LEE MOORE, | |
|     Defendant. | |

*** *** ***

This matter is before the Court on the defendant's motion for sentence modification due to the coronavirus pandemic. (DE 55.) The Court construes the defendant's motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the defendant's motion is **DENIED**.

Defendant pleaded guilty to distribution of hydrocodone in violation of 21 U.S.C. 841(a)(1). (DE 44, Plea Agreement.) He was sentenced to 22 months imprisonment to be followed by 3 years of supervised release. (DE 54, Judgment.) Defendant is currently housed at the Pike County Detention Center. He has been designated to FCI Danbury, but there is not a day set for his transport due to the general delays caused by COVID-19 nationwide. (*See* DE 57 at 8.)

Defendant has filed a motion for a sentence modification. He cites Fed. R. Civ. P. 60(b), 18 U.S.C. § 3624(c) (the Second Chance Act), and an executive order in support. (DE 55.) He asserts that the health threats posed by COVID-19 warrant his release. He states that he is 69 years old and suffering from various health conditions. (DE 55 at 1-2.)

1

The law cited by the defendant does not afford him any relief.  Accordingly, the Court will construe his motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

The Court ordered the government to respond to the defendant's motion.  (DE 56.) The government addresses the defendant's motion on the merits and asserts that the defendant has not shown any extraordinary or compelling reasons that warrant release.  The government concludes that the defendant's motion should be denied on the merits.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the BOP. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). If the defendant himself filed such a motion, the court could not grant it.  The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief.  *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the

---

[1] The Federal Rules of Civil Procedure do not apply in criminal cases.  Additionally, the executive order cited does not afford the Court the ability to grant a sentence reduction. *See* Exec. Order No. 13826, 83 Fed. Reg. 10771 (March 7, 2018).  Further, under § 3624(c), it is the BOP that exclusive authority to designate where a prisoner serves his existing sentence of imprisonment, including designating home confinement when certain conditions are met. *See* 18 U.S.C. §§ 3621(b) and 3624(c)(2); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).  Accordingly, the Court cannot grant a sentence reduction under the law cited by the defendant.  The Court can, however, order a sentence reduction under § 3582 and impose home confinement as a term of supervised release where extraordinary and compelling reasons warrant a reduction, but only where certain prerequisites have been met. *See id*. §§ 3582(c)(1)(A) and 3583(d); U.S.S.G. § 5F1.2.  Thus, this Court construes the defendant's motion as a motion for compassionate release.

condition, the Court must enforce it. *Id*. at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id*. Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id*. at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.") The conditions can, however, be waived or forfeited where the government does not object to the defendant's failure to exhaust. *See id.*

Here, the defendant has no warden because he has not been placed in a BOP facility. Thus, he cannot "fully exhaust … all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or" seek court relief after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility…" *See* 18 U.S.C. § 3582(c)(1)(A). The government does not directly assert a failure to exhaust. However, the government does state that "[o]nce [the defendant] arrives at FCI Danbury, he will need to exhaust all administrative remedies with BOP before making a request to this Court for early release." (DE 57 at 9.) The government then goes on to state that the defendant's motion should be denied on the merits. It is not clear to the Court if the government is waiving the defendant's failure to exhaust. But even if the government has waived the exhaustion requirements, the defendant's motion fails on the merits.

Assuming that the exhaustion requirement has been waived, the defendant does not articulate any extraordinary and compelling reasons that warrant his release. The compassionate release statute permits this Court to "reduce the term of imprisonment" and also "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of § 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a

reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling."  Nevertheless, the policy statement by the Sentencing Commission applicable to § 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.  The policy statement identifies several categories of circumstances, including the medical condition and age of the defendant.  A medical condition may qualify as an extraordinary and compelling reason where the defendant is suffering from a "terminal illness" or a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover."  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.  The statement defines terminal illness as a "serious and advanced illness with an end of life trajectory … Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."  *Id.* The age of the defendant may be an extraordinary and compelling reason where the defendant is over 65 years old, experiencing serious deterioration in physical or mental health because of the aging process, and has served at least ten years or 75 percent of his term of imprisonment, whichever is less.  *Id.*

Defendant does not assert that he has a "terminal illness" or that he is suffering from a serious physical or mental impairment that substantially diminishes his ability "to provide self-care within the environment of a correctional facility and from which he … is not expected to recover."  Additionally, although the defendant is over 65 years old, he has not served ten years or 75 percent of his term of imprisonment.  Thus, it appears that the Defendant is asserting that "other reasons" support his release.  (*See* DE 55.)

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute extraordinary and compelling reasons to modify a sentence. Such reasons, however, are to be "determined by the Director of the Bureau of Prisons." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Thus, this Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement.

The Sentencing Guidelines have not been amended since the passage of the First Step Act. For this reason, some courts have determined that the policy statement is inapplicable, at least to the extent that it provides that only the BOP director can find "other reasons" justifying a sentence reduction. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (citing cases). These courts have concluded that finding the BOP still has sole authority to determine whether "other reasons" justify a reduction is inconsistent with the First Step Act, "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when BOP finds they are not appropriate." *Id*. at *2 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

The Court finds more persuasive the analysis in *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019). There, the court noted that, by its plain language, § 3582(c)(1)(A), even after amendment by the First Step Act, requires that any sentence reduction by a court be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Further, finding that the BOP still has sole authority to determine the "other reasons" that justify a sentence reduction is not inconsistent with the First Step Act's goal of increasing the use of compassionate release. The Act achieves this goal simply by granting defendants the ability to move for compassionate release on their own. This change alone

5

"ensures that a greater volume of [compassionate release] motions (not just those BOP agrees are meritorious) will be presented to the courts." *Id*. Many defendants' motions for compassionate release will invoke the specific provisions of the policy statement rather than the catchall provision. *Id*. "There is thus no tension between a legislative purpose to 'increase[e] the use' of compassionate release and a policy statement providing for BOP to make the determination as to one kind (out of five) of extraordinary and compelling reasons for such release." *Id*.

Congress has specifically directed that the Sentencing Commission, not the courts, promulgate "general policy statements regarding … the sentencing modification provisions" in § 3582(c). 28 U.S.C. § 994(a)(2)(C). Further, Congress has specifically directed that, in the policy statement for § 3582(c)(1)(A), it is the Commission that "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id*. § 994(a)(2)(t). The Court agrees with the conclusion in *Lynn* that, "[i]f the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Id*. at 4. "The Commission may well decide that, since BOP is no longer the gatekeeper regarding the filing of motions for compassionate release, neither should it be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release" *Id*. "Until that day, however, the Court must follow the policy statement as it stands." *Id*.

The Court recognizes that these are unsettling times for prisoners. The Court, however, has no authority at this point to grant the defendant compassionate release.

For all these reasons, the Court **HEREBY ORDERS** that the defendant's motion for compassionate release (DE 55) is **DENIED** without prejudice. If circumstances should

6

change in a way that would permit the Court to find "extraordinary and compelling" reasons for reducing his sentence, he may file another motion.

Dated August 19, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY